United States District Court of Oregon Portland Division

FILED 12 SEP '24 10:13 USDC-ORP

William David Kern
  Plaintiff
-V-
Multnomah County, Sheriff Nicole Morrisey O'Donnell, Medical Director MCDC Dr. Lawson Eleazer

3:24-cv-1547 YY

Memorandum of Law in support of TRO and Preliminary Injunction

"An inmate has a "undoubted right to Medical Care guaranteed by the Eighth Amendment of the United States Constitution"

"An Inmate must rely on prison authorities to treat his medical needs; If Authorities Fail to do so, those needs will not be met."
—Estelle v. Gamble 429 U.S. 97, 103 (1976)—

To succeed in an Eighth Amendment challenge to medical care in your Prison, you must show 3 things, these are:
1.) you had a serious medical need. 2.) Prison officials showed deliberate indifference to that need. 3.) This Deliberate indifference Caused you injury. See Estelle 97

1/2

A.) Courts describe a serious medical need as "One that has been diagnosed by a Physician as mandating treatment."
- Hill v. DeKalb Reg'l Youth Det. Ctr. 40 F.3d 1176, 1187 (1994)

B.) Deliberate Indifference is when Prison Officials ignore an obious and serious Danger.
- Farmer v. Brennan 511 US 825, 835 (1994) -

C.) Causation. "Failure to treat prisoners condition could result in Further significant injury or the Unnecissary and Wanton Infliction of Pain." See Estelle @ 97, 104

Conclusion.
    Considering information in complaint, the courts should find that plaintiff did indeed have a serious medical need. The defendants did act with deliberate indifference to that serious medical need causing unnecissary and wanton infliction of pain to plaintiff. Constituting a violation of Plaintiffs Eighth amendment right to medical care in prison of the United States Constitution.

2/2